UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRYAN CARY, No. 269436,

    Plaintiff,

v.

INSPECTOR DALTON,

    Defendants.
_____/

Case No. 1:21-cv-13047

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT WITHOUT PREJUDICE, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On December 21, 2021, Plaintiff Bryan Cary, a prisoner at the Macomb Correctional Facility, filed a -complaint pro se against "Inspector Dalton," who Plaintiff claims retaliated against him after he complained of an attack by another inmate. ECF No. 1. Plaintiff also filed a certificate of his prisoner trust-fund account, which this Court construes as an application to proceed in forma pauperis. ECF No. 2. For the reasons explained hereafter, Plaintiff's application to proceed in forma pauperis will be denied, his Complaint will be dismissed without prejudice, and he will be denied leave to appeal in forma pauperis.

**I.**

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In re Prison Litig. Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). Even so, district courts may authorize a prisoner to proceed in forma

pauperis, if she submits an affidavit that includes a description of her assets and a statement that she is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(1).

Importantly, the PLRA also states that the district court must dismiss a prisoner's action if, on three or more previous occasions, a federal court dismissed an action of hers for being frivolous, malicious, or failing to state a claim for which relief could be granted. *See Id.* § 1915(g). This provision is commonly referred to as the "three-strikes rule." The PLRA makes an exception, however, if the prisoner alleges that she is in "imminent danger of serious physical injury." *Id.*

A search of federal-court records reveals that Plaintiff has had at least three civil-rights complaints dismissed for being frivolous, being malicious, or failing to state a claim upon which relief could be granted. *See Cary v. McCaul*, No. 18-cv-00652, 2018 U.S. Dist. LEXIS 137831 (W.D. Mich. Aug. 15, 2018); *Cary v. Losacco*, No. 18-cv-11396, 2018 U.S. Dist. LEXIS 229375 (E.D. Mich. July 11, 2018); *Cary v. Eaton*, No. 11-cv-13151, 2011 U.S. Dist. LEXIS 119449 (E.D. Mich. Oct. 17, 2011).

Plaintiff has also previously filed cases that were dismissed under the three-strikes rule. *See, e.g.*, *Cary v. Allen*, No. 2:21-cv-10415, 2021 U.S. Dist. LEXIS 57956 (E.D. Mich. March 26, 2021); *Cary v. Pavitt*, No. 2:19-CV-13397, 2019 U.S. Dist. LEXIS 218909 (E.D. Mich. Dec. 20, 2019); *Cary v. Peterson*, No. 19-cv-13393, 2019 U.S. Dist. LEXIS 205700 (E.D. Mich. Nov. 27, 2019); *Cary v. Parole Bd.*, No. 19-cv-12634, 2019 U.S. Dist. LEXIS 219605 (E.D. Mich. Nov. 18, 2019); *Cary v. McCumber-Hemry*, No. 17-cv-12842 (E.D. Mich. July 12, 2018).

Plaintiff does not allege that he is in imminent danger of serious injury. Rather, he simply claims that Defendant retaliated against him after he was assaulted by another inmate. ECF No. 1 at PageID.2.

Finally, for the same reasons, Plaintiff is prohibited from proceeding in forma pauperis on appeal. *See* 28 U.S.C. § 1915(g) (prohibiting a prisoner with three strikes from "bring[ing] a civil action *or appeal[ing] a judgment in a civil action*" absent an allegation of imminent danger (emphasis added)).

## II.

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis, ECF No. 2, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may refile his complaint only if he fully prepays the necessary fees and costs.

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to appeal in forma pauperis, because an appeal from this Opinion and Order would be frivolous and could not be taken in good faith. *See* 28 U.S.C. §§ 1915(a)(3), (g).

Dated: January 12, 2022		s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge